## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTLAND BARGE MANAGEMENT, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Cause No. 20-573 |
| PRECON MARINE, INC., EAST COAST BARGE AND BOAT, INC., and TEXAS INTERNATIONAL TERMINALS, LTD, | ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff by its attorneys Goldstein and Price LC, and for its cause of action against Defendants states:

At all material times;

1. This Court has jurisdiction pursuant to 28 U.S.C. 1332(a) by virtue of the fact that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, and all Defendants are citizens of States different than that of Plaintiff.

2. Venue is proper in this District under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred here.

3. Plaintiff is and was a Delaware limited liability company with its office and principal place of business in Columbia, Illinois.

4. Defendants Precon Marine, Inc. ("Precon") and East Coast Barge and Boat, Inc. ("ECBB") are and were Virginia corporations with their offices and principal places of business in Chesapeake, Virginia.

1

5. Defendant Texas International Terminals, LTD ("Terminals") is and was a Texas domestic limited partnership with its office and principal place of business in Galveston, Texas. The general partner of Terminals is and was Sullivan Industrial LLC ("Sullivan"), a Texas limited liability company. The other partners of Terminals, and the members of Sullivan, are individual Texas citizens.

6. Plaintiff's business includes advertising marine equipment that owners wish to sell, providing information about the equipment to potential buyers, introducing potential sellers and buyers to each other, and helping arrange equipment inspections to facilitate the sale of such equipment. For such services, Plaintiff charges a customary facilitator's fee of six percent (6%) of the sale price.

7. In or about October 2019, Precon sent to Plaintiff, at its offices in Columbia, Illinois, information about a barge called ECB 6007 which Precon wished to have Plaintiff advertise for sale.

8. In asking Plaintiff to advertise ECB 6007 for sale, and in all subsequent dealings with Plaintiff, Precon was acting on behalf of itself and/or its affiliate ECBB which was the titled owner of such barge.

9. Precon indicated to Plaintiff that it wished to receive a net amount of Two Million Dollars ($2,000,000.00) for the sale of the barge.

10. Plaintiff explained to Precon that its fee for its services would be six percent (6%) of the total sale price. Precon agreed. Therefore, the listing on Plaintiff's web site reflected a total asking price of Two Million One Hundred Twenty Thousand Dollars ($2,120,000.00).

11. Commencing in or about late October 2019, Plaintiff began posting information about ECB 6007 on Plaintiff's web site.

12. In or about January 2020, Terminals contacted Plaintiff at its office in Columbia, Illinois and requested more information and documents regarding ECB 6007.

13. In contacting Plaintiff to request more information and documents, and in its subsequent dealings with Plaintiff, Terminals was acting on behalf of itself and/or Sullivan and/or another undisclosed affiliate of it or Sullivan.

14. At Terminal's request Plaintiff obtained from Precon further information and documents which it provided to Terminals.

15. Terminals indicated to Plaintiff it was interested in inspecting the barge and asked Plaintiff to provide information about the barge's owner and location.

16. Thereafter Plaintiff disclosed the identity of Precon as the potential seller to Terminals, and Terminal's identity as the potential buyer to Precon.

17. Plaintiff advised Terminals that the barge was available in Virginia to inspect and offered to make arrangements for Terminals to inspect the barge.

18. Eventually Terminals advised Plaintiff that it purchased the barge from Precon.

19. Under Illinois law, Plaintiff's efforts in advertising the barge, providing additional information and documents to the buyer, disclosing the identities of the seller and buyer to each other, providing the buyer with the barge's location, and offering to arrange an inspection of it, were the procuring cause of the eventual sale and purchase of the barge.

20. Accordingly, under Illinois law Plaintiff is entitled to receive its standard fee of six percent (6%) of the total sale price or in the alternative a reasonable fee, to be determined by this Court, which Plaintiff estimates to be approximately One Hundred Twenty Thousand Dollars ($120,000.00).

21. Under Illinois law, both the seller and buyer are liable for the payment of Plaintiff's fee.

22. Plaintiff made demand on both seller and buyer for payment of its fee but to date neither has paid any part of the same.

23. Delay in payment of Plaintiff's fee by Defendants is unreasonable and vexatious thereby entitling Plaintiff to recover prejudgment interest on its fee at the rate of five percent (5%).

24. If Terminals' dealings with Plaintiff that led to the purchase of the barge were on behalf of Sullivan or another undisclosed affiliate that was the actual purchaser of the barge, Terminals is liable for payment of Plaintiff's fee as if it was the buyer.

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendants in the amount of One Hundred Twenty Thousand Dollars ($120,000.000) plus interest, both prejudgment and post-judgment, together with its costs, and for such other and further relief as the Court may deem appropriate.

>GOLDSTEIN and PRICE, L.C.
>  and Douglas E. Gossow, Lead Attorney (IL# 6200738)
>  and Daryl F. Sohn (IL# 2668009)
>
>By (s) Douglas Gossow
>One Memorial Drive, Suite 1000
>St. Louis, MO  63102
>314-516-1700
>
>Attorneys for Plaintiff