IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTLAND BARGE MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PRECON MARINE, INC. EAST COAST BARGE AND BOAT, INC. and TEXAS INTERNATIONAL TERMINALS, LTD., <br><br> Defendants. | Case No. 20-CV-573-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Texas International Terminals, Ltd. For the reasons set forth below, the Court denies the Motion to Dismiss in its entirety.

### PROCEDURAL BACKGROUND

On June 16, 2020, plaintiff Heartland Barge Management, LLC ("HBM") filed the Complaint against defendants, Precon Marine, Inc. ("Precon"), East Coast Barge and Boat, Inc.("ECBB") and Texas International Terminals, Ltd. ("TITL")(Doc. 1). After a jurisdictional review, plaintiff was Ordered to file an Amended Complaint (Doc. 24). On August 4, 2020, plaintiff HBM filed its First Amended Complaint (Doc 25). On August 18, 2020, defendants Precon and ECCB filed a joint answer (Doc. 26). On August 20, 2020, defendant TITL filed a Motion to Dismiss for Lack of Personal

Jurisdiction and Failure to State a Claim (Doc. 29). On September 14, 2020, plaintiff filed a response and memorandum in opposition to motion to dismiss on September 14, 2020, that included the Affidavit of Scott Korlin as well as copies of correspondence between HCB and TITL (Doc. 33). On September 18, 2020, a reply to the aforementioned response was filed by TITL (Doc. 34).

## FACTUAL BACKGROUND

HBM's business includes advertising marine equipment that owners wish to sell providing information about the equipment to potential buyers, introducing sellers to buyers and helping to arrange equipment inspections. (Doc. 25). HBM is a Delaware limited liability company with its office and principal place of business in Columbia, Illinois. *Id.* Precon and ECBB are both Virginia corporations. (Docs. 10 and 11). The principal place of business for Precon and ECBB is Chesapeake, Virginia. (Doc. 25). Texas International Terminals, Ltd., is a Texas limited partnership. (Doc. 32). It has no parent corporations and no publicly traded corporation owns stock in TITL. *Id.* The principal place of business for TITL is Galveston, Texas. (Doc. 25).

In or about October 2019, Precon, acting on behalf of itself and/or its affiliate, ECBB, the titled owner of a barge designated ECB 6007 ("the barge"), sent HBM, at its offices in Columbia, Illinois, information about the barge, and asked HBM to advertise the barge for sale. (Doc. 25). Precon advised HBM that it wished to receive a net amount of Two Million Dollars ($2,000,000.00) for the sale of the barge. *Id.* HBM advised Precon that its fee would be six percent (6%) of the total sales price, so the

barge was listed on HBM's website for Two Million One Hundred Twenty Thousand Dollars ($2,120,000.00). *Id.*

In or about January 2020, TITL first reached out to HBM to inquire as to whether the barge was still for sale, and if so, TITL requested information and documents about the barge. (Doc. 25). At that time, HBM and its representatives were located at HBM's offices in Columbia, Illinois. *Id.* In response, HBM obtained further information and documents from Precon, which it provided to TITL. *Id.* TITL advised HBM it was interested in inspecting the barge and asked HBM to provide information about seller and location of barge. *Id.* HBM disclosed the identity of Precon as the potential seller to TITL, and TITL as potential buyer to Precon. *Id.* HBM advised TITL the barge was available in Virginia to inspect. *Id.* TITL offered to make arrangements for the barge inspection and offered to accompany TITL to inspect the barge. *Id.* HBM had no further contact with Precon or TITL regarding the barge until TITL advised they purchased the barge from Precon. *Id.*

HBM provided the Affidavit of Scott Korlin, an employee in their Columbia, Illinois office who was involved in the transaction of the barge and dealt with both Precon and TITL. (Doc. 33-1). Attached to the Affidavit are copies of the various emails regarding the barge, as well as the listing of the barge on the HBM website. *Id.* The Affidavit references at least 12 emails to HBM from TITL, as well as the various responses and replies. *Id.* The emails sent by Scott Korlin indicate that he was the Equipment Sales and Leasing Manager for Heartland Barge and that his office was located in Columbia, Illinois. *Id.* The listing for the barge specifies

Heartland Barge/Marine Equipment Specialist and Heartland Barge Illinois with Scott Korlins email and a phone number with a (618) area code. *Id.*

HBM claims that its efforts in advertising the barge, providing additional information and documents to the buyer, disclosing the identities of the seller and buyer to each other, providing the buyer with the barge's location, and offering to arrange an inspection of it were the procuring cause of the eventual sale and purchase of the barge. (Doc. 25). As such, HBM claims to be entitled to its standard fee of 6% of the total sales price of the barge and asserts that HBM and TITL are liable for the payment of said fee. *Id.*

## ANALYSIS

I. **Rule 12(b)(2) of the Federal Rules of Civil Procedure**

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. Fed.R.Civ.P. 12(b)(2). The party asserting jurisdiction has the burden of proof. *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003).

If the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction as the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018 (7th Cir. 2009); *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in

opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. *Id.* at 782–83.

A federal court sitting in diversity has personal jurisdiction only if a court in the state in which it sits has jurisdiction, and jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997)(emphasis added). The Illinois long-arm statute "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitution". *Id.* at 1276.

The seminal case regarding the assertion of personal jurisdiction was decided approximately seventy-five (75) years ago when the Supreme Court held that a defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310(1945). In other words, the commission of some single or occasional acts of the corporate agent in a state may sometimes be enough to subject the corporation to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity. *Id.* at 317-318. Following *International Shoe,* "the relationship among the defendant, the forum, and the litigation, became the central concern of the inquiry into personal jurisdiction." *Shaffer v. Heitner,* 433 U.S. 186 (1977).

The contacts must be established by the purposeful acts of the defendant, and

with HBM on more than 10 occasions. *Id.;* (Doc. 29). TITL reached out to HBM in Illinois and had sufficient contacts with Illinois such that they can, and should, be expected to be brought into Illinois regarding the sale surrounding the barge.

## II. Rule 12(b)(6) of the Federal Rules of Civil Procedure

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir. 2009).

The procuring cause doctrine is that, in the absence of a contrary agreement, an agent is entitled to be compensated by his principal for a deal of which the agent is

the 'procuring cause', even if he has been cut out of the deal, preventing him from doing the work for which the agency contract entitled him to be compensated. *Houben v. Telular Corp.*, 231 F.3d 1066 (7th Cir. 2000). The purpose of the [procuring cause] rule is to protect a salesperson who is discharged prior to the culmination of a sale, but after he or she has done everything that is necessary to effect the sale." *Id.* at 1073 (7th Cir. 2000) (internal quotation marks and citations omitted).

In the First Amended Complaint, HBM asserts that its efforts in advertising the barge, providing additional information and documents to the buyer, disclosing the identities of the seller and buyer to each other, providing the buyer with the barge's location, and offering to arrange an inspection of it, were the procuring cause of the eventual sale and purchase of the barge. (Doc. 25, p.3). A complaint need only allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). This Court finds that HBM has plead sufficient facts to assert a cause of action under the common law procuring cause doctrine against TITL.

## CONCLUSION

For the reasons set forth above, the Court DENIES Texas International Terminals, Ltd. Motion to Dismiss (Doc. 29) in its entirety.

IT IS SO ORDERED.

DATED: November 6, 2020

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge